UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-CV-21066-BLOOM/Louis

BACSON TOBACCO
COMPANY, LTD. *et al.*,

    Plaintiffs,
v.

DIPLOMATIC INTERNATIONAL
COMPANY, LTD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon Defendant Diplomatic International Company, LTD's ("Diplomatic") Motion to Enforce Settlement (ECF No. 33). This matter is referred to the undersigned by the Honorable Beth Bloom for a Report and Recommendations (ECF No. 34). Because the Court is without jurisdiction over the dispute, I recommend that the Motion be denied, and the case remain closed.

### I.    Procedural Background

This suit was initiated less than three months ago with Plaintiffs' trademark infringement suit against Defendant Diplomatic and Heritage Tobacco, LLC (ECF No. 1). Plaintiffs promptly moved for a temporary restraining order, a corrected motion, and ultimately a supplemental motion. The Court granted Plaintiffs' motion for temporary restraining order, enjoined Defendants temporarily from using Plaintiffs' "Sunny" mark, and set a hearing for April 1, 2020 (ECF No. 18).

Before the hearing was conducted, on March 27, 2020, Plaintiffs Noticed their Voluntary Dismissal without prejudice (ECF No. 29). On the same day, the Court approved the notice,

1

ordered the case be dismissed, and dissolved the bond on the temporary retraining order (ECF No. 30). The case was closed. The Order of Dismissal Without Prejudice did not retain jurisdiction by the Court over the dispute in any respect.

More than a month later, Defendant Diplomatic moves to enforce a settlement agreement (ECF No. 33). Therein, Defendant seeks not to reopen the case, but for the Court to decide a dispute over an alleged breach of contract (the settlement agreement) not dependent on the merits of the underlying case. Because no basis for the Court to exercise jurisdiction was clear from the docket, the undersigned required Defendant to supplement and identify its asserted basis for jurisdiction (ECF No. 35). Defendant has now responded and upon review of the Motion, Defendant's Supplemental Memorandum (ECF No. 36), and review of the docket as a whole, the undersigned finds no basis for this federal court to exercise jurisdiction over the dispute advanced by Defendant and for that reason, recommends that it be denied.

## II. Jurisdiction is Lacking

Federal courts are courts of limited jurisdiction. While Defendant here assumes that the Court has jurisdiction over its motion, it is "to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Once a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction. *See, e.g., Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (holding district court could not enforce settlement agreement because its order of dismissal did not reserve jurisdiction to do so). The law since *Kokkonen* has been clear that a district court is divested of jurisdiction upon entry of an order of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A), unless the court specifically retains

jurisdiction over the dispute in the order of dismissal. *Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1281 (11th Cir. 2012); *Otegui v. City Works Constr. LLC*, No. 14-21057-CIV, 2017 WL 945638, at *3 (S.D. Fla. Jan. 17, 2017) (finding court was without jurisdiction to enforce the terms of parties' settlement agreement, even if they consent).

Defendant's Supplemental Memorandum contends that the general rule that dismissal divests a Federal Court of jurisdiction applies to average cases, but not this one. Defendant characterizes its dispute as arising out of a "pending" motion for sanctions that Defendant delayed in filing only because an agreement was reached with Plaintiff to pay its fees without filing such a motion. Because Defendant had worked substantially to prepare the unfiled motion, it contends the Court has ancillary jurisdiction to enforce a settlement agreement that would moot the unfiled motion.

After dedicating seven of its ten allowed pages describing the Parties' settlement negotiations, Diplomatic advances three cases on which it predicates its argument that this Court has jurisdiction over its dispute with Plaintiff. Beginning with *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), Diplomatic avers that voluntary dismissal does not necessarily divest a federal court of jurisdiction over a collateral issue, including award of attorney's fees as a sanction for violating Rule 11 of the Federal Rules of Civil Procedure. The present motion however, does not seek Rule 11 sanctions, but rather enforcement of a settlement agreement between Parties to the suit. Moreover, in *Cooter* the Rule 11 sanctions motion decided after dismissal had been filed, argued, and taken under advisement by the court before the case was dismissed. *Id.* at 389. Here, no such motion had been filed prior to the order of dismissal.

Recognizing the distinction between its motion to enforce a settlement agreement and the court's jurisdiction to adjudicate a Rule 11 violation, Defendant advances *Foretich v. Am. Broad.*

3

*Companies, Inc.*, 198 F.3d 270, 273–74 (D.C. Cir. 1999) for the proposition that the Court has jurisdiction to enforce a post-judgment settlement over collateral issues. The court's holding that it had subject matter over the motion was very much dependent on the fact that the court concurrently had jurisdiction over another then-pending motion for fees:

> [P]roperly pending before the court when ABC's motion to enforce was filed was its motion for fees and costs…The motion to enforce, therefore, could moot the motion for fees and costs and, concordantly, any judgment on that motion. The motions were thus interrelated and resolution of the motion to enforce allowed the court to resolve the motion for fees and costs in a manner that "effectuated its decree."

*Id.* at 273. Defendant insists that pendency of a motion is not critical to the court's ability to exercise jurisdiction, citing *Ulliman Schutte Const., Inc. v. Emerson Process Mgmt. Power & Water Sols.*, No. CIVA 02-1987 RMC, 2007 WL 1794105, at *1 (D.D.C. June 19, 2007). Plaintiff there had argued that its notice of appeal had robbed the court of jurisdiction over defendant's motion to enforce settlement agreement. At issue in the contested settlement agreement was defendant's motion for costs, which defendant claimed it had withheld filing in exchange for plaintiff's agreement not to pursue an appeal of the court's unfavorable ruling. Relying on the language quoted above from *Foretich*, the court concluded it was "confident in" its jurisdiction, but without explaining its determination that the absence of any pending motion distinguished the case from *Foretich*. *Id.* at *1. Indeed, the omission of any acknowledgement of this distinction in the opinion has led at least one court to assume that the holding in *Ulliman* in fact turned on a pending motion. *See Am. Honda Fin. Corp. v. Route 57 Dev., LLC*, No. 713CV0260GTSATB, 2018 WL 5993681, at *3 n.5 (N.D.N.Y. Nov. 15, 2018) (attributing to *Ulliman* the "finding that the court possessed subject-matter jurisdiction over a motion to enforce a post-judgment settlement agreement only because the motion to enforce was factually interrelated with a pending motion for attorney's fees and costs, which would have been mooted if the motion to enforce had been granted

4

in that the relief would have been granted").

Defendant similarly contends that the "sanctions issue" it teed up to Plaintiff "remains pending." ECF No. 36 at n.4. This assertion relies entirely on *Ulliman* to conclude that a motion Defendant *could have filed* but did not file is "pending," so as to breath life back into the Court's extinguished jurisdictional reach. Even if the *Ulliman* opinion was binding precedent, it would here be distinguished on its procedural posture: the case was then pending on appeal. A district court has jurisdiction over a request for attorney's fees despite the filing of a notice of appeal. *Rothenberg v. Security Management Co.*, 677 F.2d 64, 65 (11th Cir.1982). This limited scope of retained jurisdiction to resolve a matter collateral to the judgment stands in sharp contrast to the divesture of jurisdiction attendant to an order of dismissal under Rule 41(a).

Defendant has advanced no authority to support this Court's exercise of jurisdiction over this dismissed suit, where there was no motion for sanctions filed before dismissal became effective, and no retention of jurisdiction in the Court's Order of Dismissal.

### III.    Conclusion

There is no basis for the Court to continue to exercise its jurisdiction over this dispute and the Court is without discretion to enter additional orders awarding relief post-dismissal. *See Anago Franchising*, 677 F.3d at 1281 (vacating district court order on merits of motion to enforce settlement and remanding with instructions to dismiss for lack of jurisdiction). This does not leave Defendant without recourse; it is simply required to file a new civil action in state court if it intends to pursue its remedy against Plaintiffs. *De Varona v. Disc. Auto Parts, LLC*, 935 F. Supp. 2d 1335, 1340 (S.D. Fla. 2013). Accordingly, I recommend that Defendant's Motion be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days to serve and file written objections, if any, with the Honorable Beth Bloom, United States District Judge.

Failure to file objections by that date shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017).

    **RESPECTFULLY SUBMITTED** in Miami, Florida, this 29th day of May, 2020.

                                               LAUREN FLEISCHER LOUIS
                                               UNITED STATES MAGISTRATE JUDGE

Copies Furnished To
 Hon. Beth Bloom
 Counsel of Record