UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21066-BLOOM/Louis

BACSON TOBACCO COMPANY, LTD. *et al.*,

    Plaintiffs,

v.

DIPLOMATIC INTERNATIONAL COMPANY, LTD, *et al.*,

    Defendants.
_____/

## ORDER ON OBJECTIONS

**THIS CAUSE** is before the Court upon Defendant Diplomatic International Co., Ltd.'s ("Defendant") Verified Motion to Enforce Settlement Agreement, ECF No. [33] ("Motion"). The Motion requests the Court to enforce a settlement agreement that was allegedly breached by Plaintiff Miami Warehouse Logistics, Inc. ("Plaintiff").

The Court previously referred the Motion to Magistrate Judge Lauren F. Louis for a Report and Recommendations, ECF No. [34]. On May 8, 2020, Judge Louis ordered Defendant to file supplemental briefing on jurisdictional issues based upon the Court's Order of Dismissal, ECF No. [30], that did not reserve jurisdiction to enforce a settlement between the parties, and a review of the record did not reveal a basis for the Court to exercise jurisdiction over the Motion. ECF No. [35]. Defendant then filed a "Supplemental Memorandum on Subject Matter Jurisdiction" in support of its Motion, ECF No. [36] ("Supplement"), and Plaintiff filed a response, ECF No. [38].

On May 29, 2020, Judge Louis issued her Report and Recommendation, ECF No. [39] ("R&R"), recommending that the Motion be denied because the Court lacks jurisdiction over this dispute and is without discretion to enter additional orders awarding relief post-dismissal. *Id.* at 5.

On June 12, 2020, Defendant filed its Objections to the R&R, ECF No. [46] ("Objections"). Plaintiff filed a response in opposition to the Objections on June 21, 2020, ECF No. [48] ("Response").

The Court has conducted a *de novo* review of the record, including the Motion, the Supplement, the R&R, the Objections, the Response, the applicable law, and is otherwise fully advised in the premises. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). Upon review, the Court finds Judge Louis' R&R to be well reasoned and correct, and the Court agrees with the analysis in the R&R.

Here, Defendant objects that the R&R misapplied the law in determining that *Foretich v. Am. Broad. Cos., Inc.*, 198 F.3d 270 (D.C.C. 1999) and *Ulliman Schutte Const., Inc. v. Emerson Process Mgmt. Power & Water Sols.*, No. CIVA 02-1987 RMC, 2007 WL 1794105 (D.D.C June 19, 2007) do not apply. ECF No. [46]. As an initial matter, the Court notes that Defendant's Objections are improper because they largely expand upon and reframe arguments already made and considered by the Magistrate Judge in her R&R, or simply disagree with the R&R's conclusions. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Nonetheless, Defendant's Objections are without merit.

Neither of these decisions is binding authority on this Court, and as the R&R explained, the cases are both factually and procedurally distinguishable. Here, at the time the Motion was filed, there was no pending motion before the Court. And in March 2020, there was no request for the Court to reserve jurisdiction to enforce any agreement among the parties. Additionally, there was nothing before the Court demonstrating that any party intended further litigation activity in the case. Each of these features stand in material contrast to the circumstances in *Foretich*, 198 F.3d 270, where there was an already-pending motion on record, which could be resolved by adjudicating the motion to enforce. *See id.* at 273-74 ("Here, the district court could not incorporate the settlement agreement into its dismissal order because the agreement was negotiated after the order had been entered. Nevertheless, properly pending before the court when ABC's motion to enforce was filed was its motion for fees and costs. If enforced, the settlement agreement would require withdrawal of ABC's motion for fees and costs. The motion to enforce, therefore, could moot the motion for fees and costs and, concordantly, any judgment on that motion. The motions were thus interrelated and resolution of the motion to enforce allowed the court to resolve the motion for fees and costs in a manner that 'effectuate[d] its decree[].'") (internal citations omitted).

Defendant's newfound assertion that its motion for extension of time to file a motion for attorneys' fees/sanctions, ECF No. [37], salvages jurisdiction and brings it within *Foretich* is unpersuasive. That motion was filed approximately two months *after* the case was closed and *after* Defendant filed the instant Motion and Supplement. In this respect, unlike *Foretich*, there was no pending motion on the docket at the time the Motion was filed in May 2020 for the Court to anchor jurisdiction. The after-the-fact motion for extension of time does nothing to alter this outcome. Similarly, Defendant's objection that the R&R erred in choosing to not follow *Ulliman* is unconvincing. Unlike here, that case involved a pending appeal, and the alleged settlement

3

agreement involved a promise to refrain from continuing the litigation by appeal. 2007 WL 1794105, at *1. Further, that court explained that it was "confident in its jurisdiction" based on *Foretich*, which again is materially distinguishable from the present circumstances. By contrast, this Court is not "confident in its jurisdiction" over the Motion. Simply put, the Court will not play a guessing game as to whether it has jurisdiction when the Order of Dismissal did not reserve jurisdiction, there was no pending motion on file at the time the Motion was docketed, and no matter was brought to the Court's attention pre-dismissal that would necessitate resolution post-dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Louis' Report and Recommendation, **ECF No. [39]**, is **ADOPTED**;

2. The Objections, **ECF No. [46]**, are **OVERRULED**;

3. The Motion, **ECF No. [33]**, is **DENIED;**

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**; and

5. The case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 2, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Case No. 1:20-cv-21066-BLOOM/Louis

Copies to:

Counsel of Record